**FORM 13**

## UNITED STATES COURT OF INTERNATIONAL TRADE
One Federal Plaza
New York, New York  10278

## DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

This notification is submitted by Aaron Marx

(Name of attorney of record)

on behalf of Ferguson Enterprises, LLC, et. al. in the
matter of Ferguson Enterprises, LLC, et. al. v. U.S. Customs and Border Protection, et. al. ,
Court No. 25-00269 .

1. If this statement is submitted on behalf of a corporate party, that entity shall identify below the entity's parent corporation(s), all of its publicly-owned companies, any publicly-held company that has a 10% or greater ownership interest in the entity, and any publicly-owned affiliate of the entity, and describe the relationship between the party and each identified company.

See Supplemental Response

2. Indicate whether the party on whose behalf this Form is being filed is ☑ or is not ☐ the real party in interest.  If not, identify below the real party in interest.

N/A

3. If this statement is submitted on behalf of a trade association, identify below each publicly-owned member of the trade association.  (Attach additional pages if necessary.)

N/A

_____
(Signature of Attorney)

November 14, 2025
_____
(Date)

**SEE REVERSE SIDE**

(Added Nov. 4, 1981, eff. Jan. 1, 1982; as amended Dec. 18, 2001, eff. Apr.1, 2002; Sept. 28, 2004, eff. January 1, 2005; June 11, 2024, eff. Aug. 1, 2024.)

## INSTRUCTIONS FOR USE

### <u>DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST*</u>

1. When a corporation is a party to any action, the attorney for the party shall notify the clerk of the court in writing of the identity of the entity's parent corporation(s), all publicly-owned companies owned by the party, any publicly-held company that has a 10% or greater ownership interest in the entity and any publicly-owned affiliate of the entity and the relationship between the party and each identified company.

2. The attorney for the party on whose behalf the form is filed shall, in addition to the information required in paragraph 1, notify the clerk of the court in writing of the identity of the real party in interest if different from the named party.

3. When a trade association is a party to an action, the attorney for the trade association shall notify the clerk of the court in writing of the identity of each publicly-owned member of the trade association.

4. The notification required of a corporate party or trade association also shall be made by the attorney for any corporation or trade association seeking to intervene, or appear as *amicus curiae*, in any action.

5. The required notification shall be made on a Disclosure Statement form (on the reverse) to be provided by the clerk of the court when the first pleading or other paper is filed by a party or when a motion to intervene or appear as *amicus curiae* is filed.

6. In accordance with Rule 3(i), if any the information required changes after the form is filed, and before a final judgment is issued, the attorney for the party or *amicus curiae* must file an amended form within seven (7) days of the change(s).

7. When a corporation is a party to any action and the parent corporation(s) is not publicly-known or disclosable, the attorney for the party may include the reference to the parent corporation(s) on a separate page to be submitted confidentially with the Court.

*See generally: 28 U.S.C. § 455.

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FERGUSON ENTERPRISES, LLC; CLAWFOOT SUPPLY, LLC; MINKA LIGHTING, LLC; JONES STEPHENS CORP.; JAMES MARTIN SIGNATURE VANITIES, LLC; MILLENIUM LIGHTING, INC.; ROYAL PACIFIC LIMITED; and FE PRODUCTS, INC. | No. 25-00269 |

      Plaintiffs

      v.

U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the United States of America

      Defendants.

### SUPPLEMENTAL RESPONSE TO QUESTION 1 OF FORM 13

1. If this statement is submitted on behalf of a corporate party, that entity shall identify below the entity's parent corporation(s), all of its publicly-owned companies, any publicly-held company that has a 10% or greater ownership interest in the entity, and any publicly-owned affiliate of the entity, and describe the relationship between the party and each identified company.

Plaintiff Ferguson Enterprises, LLC, is wholly owned by Ferguson US Holdings, Inc., a Virginia corporation. Ferguson US Holdings, Inc. is a wholly owned subsidiary of Ferguson UK Holdings Limited, a private limited company incorporated under the laws of England and Wales. Ferguson UK Holdings Limited is a wholly owned subsidiary of Ferguson (Delaware) Inc., a Delaware corporation. Ferguson (Delaware) Inc. is a wholly owned subsidiary of Ferguson Enterprises Inc., a Delaware corporation which is publicly traded on the New York Stock Exchange and the London Stock Exchange.

Plaintiffs Clawfoot Supply, LLC, Minka Lighting, LLC, Jones Stephens Corp., James Martin Signature Vanities, LLC, and FE Products, Inc., are wholly owned subsidiaries of Ferguson Enterprises, LLC. Plaintiffs Millenium Lighting, Inc., and Royal Pacific Limited were previously owned by Ferguson Enterprises, LLC, but were merged into and with FE Products, Inc. (which is owned by Ferguson Enterprises, LLC).